UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00008-H

TAMMY WIMPSETT, ET AL.,
PLAINTIFFS

V.

FSL MANAGEMENT, LLC, ET AL.,                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs, Tammy Wimpsett and Tammy McNear Willett's motion to remand. In support of their motion, Plaintiffs claim that this Court lacks original diversity jurisdiction because Plaintiffs fraudulently joined non-diverse Defendant, Jason Sullivan. Pursuant to 28 U.S.C. § 1447, and for the reasons set forth below, the Court will sustain Plaintiffs' motion and this matter will be remanded to Jefferson Circuit Court.

I.

Kentucky residents Wimpsett and Willett filed this action in the Jefferson Circuit Court against FSL Management, LLC ("FSL Management"), a foreign corporation, and Sullivan, a Kentucky resident, alleging that they failed to maintain the premises, Angel's Rock Bar, in a reasonably safe condition for Plaintiffs' use as invitees. As a result, Plaintiffs slipped and fell on a foreign substance, sustaining severe and permanent injuries. FSL Management owned and operated Angel's Rock Bar, and Sullivan was its general manager.

II.

A defendant may remove a civil action filed in state court to federal court only when the action is one in which a federal court could have exercised original jurisdiction.  *See* 28 U.S.C. §§ 1441, 1446.  Pursuant to 28 U.S.C. § 1332, federal district courts have original diversity jurisdiction over civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).[1]  For diversity jurisdiction to properly attach, it is imperative that "all parties on one side of the litigation are of a different citizenship from all parties to the other side of the litigation." *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989).  The removing party bears the burden of establishing diversity jurisdiction.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Here, Plaintiffs and Defendant Sullivan are citizens of Kentucky, which destroys the complete diversity requirement of 28 U.S.C. § 1332.  However, Defendants assert that Sullivan's citizenship should be ignored for diversity purposes since he was fraudulently joined to this action.  Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity."  *Id*. (internal quotation omitted).  The doctrine may be invoked by the removing party where there is no "reasonable basis for predicting that state law might impose liability" against the non-diverse defendant.  *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)(internal quotation omitted); *see Smith v. SmithKline Beecham Corp.*, 2011 WL 2731262, *5 (E.D. Ky. July 13, 2011)("If the plaintiff has no hope of recovering against the non-diverse defendant, the court infers that the only possible reason for the plaintiff's claim against [that defendant] was to defeat diversity and prevent removal.").  The Sixth Circuit holds that

---

[1] The parties do not dispute that the amount-in-controversy requirement has been met.

> [t]o prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a *colorable basis* for predicting that a plaintiff *may* recover against non-diverse defendants, this Court *must remand* the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party. All doubts as to the proprietary of removal are resolved in favor of remand.

*Coyne*, 183 F.3d at 493 (internal quotations omitted)(emphasis added). "This standard creates a very high burden for the removing party." *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 606-07 (W.D. Ky. 2010); *see Collins v. Montpelier U.S. Ins. Co.*, 2011 WL 6150583, *1 (E.D. Ky. Dec. 12, 2011); *Gibson v. Am. Min. Ins. Co.*, 2008 WL 4602747, *5 (E.D. Ky. Oct. 16, 2008); *Parker v. Crete*, 914 F. Supp. 156, 159 (E.D. Ky. 1996)("Claims of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence.").

### III.

Bearing in mind this standard, the issue before the Court is whether the Plaintiffs have a colorable basis under Kentucky law for their claims against Sullivan. The Plaintiffs' Complaint asserts claims of premises liability and negligent supervision against both Defendants. Plaintiffs allege that Defendants FSL Management and Sullivan breached their duty to inspect the premises owned and operated by FSL Management for dangerous conditions and to eliminate those dangers, or to warn invitees thereof. Additionally, Plaintiffs claim that both Defendants breached their duty to "adequately train and supervise persons under their control to inspect, warn, and prevent dangerous conditions." ECF No. 1-1.

Defendants maintain that there is no possible scenario in which Plaintiffs could establish a colorable cause of action against Sullivan. Specifically, Defendants argue that all of Plaintiffs' claims arise from allegations of premises liability and, as such, Defendant FSL Management, as

owner and possessor of Angel's Rock Bar, would be responsible and liable for any resulting damages. As Defendant Sullivan neither owned nor possessed the premises, he cannot be held liable for the claims Plaintiffs have asserted.

In Kentucky, "the owner of premises to which the public is invited has a general duty to exercise ordinary care to keep the premises in a reasonably safe condition." *Rogers v. Prof'l Golfer Ass'n of Am.*, 28 S.W.3d 869, 872 (Ky. Ct. App. 2000)(citing *McDonald v. Talbott*, 447 S.W.2d 84, 86 (Ky. 1969)). In limited circumstances, Kentucky courts have extended this duty to managers of premises such that Sullivan could be held liable in his capacity as manager of Angel's Rock Bar. *See Bradford v. Lexington Fayette Urban Cnty. Gov't*, 2005 WL 327177, *5 (Ky. Ct. App. Feb. 11, 2005). In *Bradford*, the Kentucky Court of Appeals held that Central Parking, in its capacity of manager of the parking garage, owed a duty to plaintiff, as an invitee to the garage.[2] In determining whether a manager owes legal duties to an invitee, Kentucky courts examine the level of "control and supervision over the premises" on a spectrum. *Bradford*, 2005 WL 327177, at *4. At one end, the manager owes no duty where he or she is just an agent collecting rents and receiving complaints. *See Peterson v. Brune*, 273 S.W.2d 278, 285 (Mo. 1954). At the other end, managers can assume the duties of an owner or possessor of land where they, among other things, consult with the owner regarding "the management, operation, maintenance, repair and promotion" of the premises. *Bradford*, 2005 WL 327177, at *1.

---

[2] In its analysis, the Kentucky Court of Appeals cited the following passage from a Texas case that this Court finds worth reiterating:
> The law places upon the owner occupant of land the duty to use reasonable care to make and keep the premises safe for the use of person invited to use the premises for business purposes . . . When the owner puts some other person in control of the premises or a part of them, such person likewise has the duty to keep the premises under his control in safe condition . . . Where the duty to keep premises in a safe condition is imposed on a person in control of them, this duty may include the duty to inspect the premises to discover dangerous conditions.

*Smith v. Henger*, 226 S.W.2d 425, 431 (Tex. 1950).

It is unclear where Sullivan falls within this spectrum and there are significant differences between our case and *Bradford*. Our case is in its infancy, and the record does not detail the scope of Sullivan's responsibilities as manager of Angel's Rock Bar. Recently, the Eastern District of Kentucky decided a case based on similar facts where the defendant, an individual gas station manager, claimed to be fraudulently joined. She argued that there was not a colorable basis under Kentucky law for liability against her because as manager, she did not owe duties to an invitee akin to an owner of the premises. Citing *Bradford*, the court held that the case was

> not appropriate for a finding of fraudulent joinder . . . Simply put, accepting the factual allegations of the complaint as true and construing the complaint in the light most favorable to the plaintiff, it is not clear that no relief could be granted to the [plaintiffs].

*Smith v. Grubb*, No. 6:08CV049(GFVT)(E.D. Ky. June 25, 2008); *see also Smith v. Grubb*, 2012 WL 2160192, *7 (Ky. Ct. App. June 15, 2012)("Liability based on the 'control and supervision' theory should be only applied after scrutiny of the facts and when there is actual control and supervision, either by contract or otherwise an assumption of the premises owner's duties to maintain the premises in a reasonably safe condition.").[3]

---

[3] The Court is not unaware of the fact that the Kentucky Court of Appeals, in *Smith v. Grubb*, ultimately held that the manager did not have sufficient control or supervision over the gas station to impose liability. 2012 WL 2160192, at *7. However, this finding came after discovery and trial. In fact, after discovery and before trial, the manager moved for summary judgment arguing that as a local manager of a convenience store that she did not own or control, as a matter of law, she had no duty to premise invitees; the trial court denied this motion. The Court here, like the Eastern District of Kentucky Court, does not have the benefit of discovery to decide whether Sullivan had sufficient control and supervision over Angel Rock's Bar to impose the legal duties of a premises owner. Again, if Plaintiffs' claim against Sullivan has even a "glimmer of hope," remand is warranted. *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011)(quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999); *Coyne*, 183 F.3d at 493 ("[D]istrict court must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party [and] [a]ll doubts as to the propriety of removal are resolved in favor of remand.").

Plaintiffs' Complaint sets forth factual allegations against Sullivan that, if true, may impart such duties to Sullivan.[4] The Court finds that Plaintiffs have a colorable basis for a state law claim against Sullivan, and that Defendants have failed to meet their heavy burden of proving fraudulent joinder by clear and convincing evidence. *See Alexander*, 13 F.3d at 949 ("There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged . . . .")(internal quotation omitted). As such, this case lacks complete diversity and must be remanded.[5]

IV.

Plaintiffs ask the Court to award it attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." However, attorney's fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court is remanding this matter back to state court, Defendants' arguments were not "objectively unreasonable." Accordingly, no fee award is warranted.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand is SUSTAINED, and the action is REMANDED to Jefferson Circuit Court from which is was removed.

---

[4] For instance, Plaintiffs allege that Sullivan had a duty to eliminate and warn invitees of dangerous conditions, including foreign substances on the premises; to inspect the premises for dangerous conditions; to follow safety protocols and take reasonable steps to ensure that the premises were safe; and to adequately train and supervise employees under his control to inspect, warn and prevent dangerous conditions. *See* ECF No. 1-1.

[5] Pursuant to 28 U.S.C. § 1446(b), if diversity jurisdiction later becomes available because, for whatever reason, the non-diverse party is dismissed, a defendant may remove the case to federal court if done within one year after the initiation of the suit.

6

cc:     Counsel of Record
        Jefferson Circuit Court